FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL NEW,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 1:17-cv-03090-SAB<br><br><br>**ORDER GRANTING**<br>**PLAINTIFF'S MOTION FOR**<br>**SUMMARY JUDGMENT;**<br>**DENYING DEFENDANT'S**<br>**MOTION FOR SUMMARY**<br>**JUDGMENT** |

Before the Court are Plaintiff Michael New's Motion for Summary Judgment, ECF No. 12, and Defendant Commissioner of the Social Security Administration's Cross-Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by D. James Tree, and Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Daphne Banay. For the reasons set forth below, the Court **grants** Plaintiff's motion, **denies** Defendant's motion, and **remands** to the agency for further proceedings consistent with this opinion.

**Jurisdiction**

On July 24, 2013, Plaintiff filed an application for supplemental security income disability insurance benefits. Plaintiff alleges an onset date of July 24, 2013.

Plaintiff's application was denied initially and on reconsideration. On October 20, 2015, Plaintiff appeared and testified at a hearing held in Portland,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT + 1

Oregon before an ALJ. The ALJ issued a decision on November 12, 2015, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on March 20, 2017. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on May 18, 2017. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

### Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ÷ 2**

A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.908-.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step Four, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

//

//

**Standard of Review**

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 3

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. At the time of the hearing, Plaintiff was fifty-four years old. He has a ninth grade education and lives with his father. Plaintiff receives food stamps and $120.00 per month from the State of Washington Department of Social and Health Services ("DSHS") and his father pays most of his bills. Plaintiff previously worked as a commercial truck driver. He became unable to maintain full-time work

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 4

over ten years ago. In an effort to contribute, he has performed side jobs for his father including yard work and basic maintenance.

Plaintiff sustained an injury to his left knee resulting in pain and swelling. Diagnostic tests revealed non-union of the lateral facet of the patella resulting in a ganglion cyst. Plaintiff decided not to pursue surgical intervention. Plaintiff testified that while he can engage in some physical activity, he requires several days to heal. Sitting for extended periods of time is also problematic. Plaintiff also experiences shortness of breath, even occurring while sedentary. He was diagnosed with shortness of breath, near syncope, and COPD. Additionally, Plaintiff has a recurrent, painful cyst on his left foot. It impedes his ability to walk and although it had been previously excised, it returned.

### The ALJ's Findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 24, 2013. AR 21.

At step two, the ALJ found Plaintiff has the following severe impairments: status post distant left patella fracture, chronic obstructive pulmonary disease ("COPD"); and patellar bursitis. AR 21. He also has a non-severe impairments of hyperlipidemia and shortness of breath. AR. 21.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR. 22.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> [L]ight work as defined in 20 CFR 416.967(b) except he can perform occasional postural activities, including climbing, balancing, stooping, kneeling, crouching, and crawling. He should avoid concentrated exposure to hazards, fumes, odors, dusts, and other respiratory irritants.

AR. 22. At step four, the ALJ found that Plaintiff is incapable of performing any past relevant work. AR 28.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 5

At step five, the ALJ found Plaintiff was not disabled on the basis that he could perform other work which exists in significant numbers in the national economy, including positions such as hand packager-inspector and busboy. AR 29-30.

## Issues for Review

1. Whether the ALJ properly rejected the medical opinion evidence of Plaintiff's treating advanced registered nurse practitioner ("ARNP"), Rebecca Nelson;

2. Whether the ALJ properly concluded that shortness of breath is not a severe impairment and properly assessed Plaintiff's residual functional capacity accordingly; and

3. Whether the ALJ properly assessed Plaintiff's credibility.

## Discussion

*1. Whether the ALJ properly rejected the medical opinion evidence of Plaintiff's treating advanced registered nurse practitioner, Rebecca Nelson, ARNP.*

Plaintiff claims it was error for the ALJ to afford little weight to the opinion of ARNP Nelson as based almost completely on Plaintiff's self-reports and inconsistent with objective diagnostic tests. The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Generally speaking, three types of doctors provide medical evidence: treating doctors, examining doctors, and reviewing (non-examining) doctors. "By rule the Social Security Administration favors the opinion of a treating physician over non-treating physicians." 20 C.F.R. § 416.927[1]; *Orn v. Astrue*, 495 F.3d 625,

---

[1] 20 C.F.R. § 416.927(c)(2) states: Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 6

631 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

ARNP Nelson is Plaintiff's primary treatment provider.[2] In January 2012, prior to Plaintiff's alleged onset date, ARNP Nelson opined that Plaintiff could sit for prolonged periods with occasional pushing and pulling of the arm; sit for most of the day, walking or standing for brief periods; lift a maximum of fifty pounds; and frequently lift or carry two pounds. ARNP Nelson ordered left knee x-rays which revealed an old fracture of the later left patella with nonunion and degenerative bony changes with anterolateral bony spurring and pre-patellar soft tissue swelling versus bursitis. This condition led to a ganglion cyst over the left patella. The cyst was aspirated with a good result but returned. In June 2012, ARNP Nelson opined that Plaintiff was limited to sedentary work and could lift a

---

individual examinations, such as consultative examinations or brief hospitalizations.

[2] The parties do not dispute that ARNP Nelson is an acceptable medical source.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT + 7**

maximum of ten pounds and frequently lift or carry lightweight articles; his ability to walk or stand was only for brief periods.

ARNP Nelson evaluated Plaintiff again in November 2012 and again opined that he was limited to sedentary work. She diagnosed Plaintiff with left knee pain, chronic due to structural deformity; left patella fracture, nonunion by history; episodic shortness of breath with neurologic symptoms of uncertain etiology; and a history of alcohol abuse. Plaintiff reported that he was experiencing shortness of breath which had recently become more complicated. He had episodes of shortness of breath, weakness and tingling in his extremities, and felt the need to sit down right away for fear he would fall down. In January 2013, ARNP Nelson diagnosed Plaintiff with dyspnea on exertion near syncope opining that this caused a significant interference with the ability to perform one or more basic work-related activities. A CT of Plaintiff's chest showed air trapping and slight hypertension of the lungs.

In June 2015, ARNP Nelson was called urgently by a respiratory therapist noting that Plaintiff appeared near collapse as he was finishing spirometry after a seven minute walk to check for exertional shortness of breath; he appeared depleted after the exam and the therapist suggested a possible neurologic trigger for events associated with heavy breathing. He was assessed with near syncope and shortness of breath onset after exertion. Plaintiff indicated that he could climb a flight of stairs without rest, but is worn out when he reaches the top. He could walk thirty to sixty minutes on a good day and occasionally mowed lawns for a friend and could push the lawn mower ten to twenty minutes on a good day before resting. He reported five bad days per month where he was unable to do any activity. ARNP Nelson again opined that Plaintiff was limited to sedentary work.

The ALJ gave little weight to ARNP Nelson's opinions, as well as the opinions of DSHS consultants, as based almost completely on Plaintiff's self-reports and inconsistent with objective diagnostic tests. Instead, the ALJ gave great

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT + 8**

weight to State agency consultant Wayne Hurley, M.D., who reviewed the record at the reconsideration stage, because Dr. Hurley had more information than the initial consultant, Howard Platter, M.D., and Dr. Hurley's opinions were consistent with the objective evidence. Dr. Platter evaluated Plaintiff in November 2013 and opined that Plaintiff could occasionally lift twenty pounds; frequently lift ten pounds; and stand, walk, or sit for six hours in an eight-hour workday. could climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolding; never kneel or crawl; occasionally crouch; and had no limitations in balancing or stooping. He also concluded that Plaintiff should avoid dangerous situations because of his near blackouts with shortness of breath. Dr. Hurley evaluated Plaintiff in January 2014 and determined that Plaintiff could occasionally lift or carry twenty pounds; frequently lift or carry ten pounds; and stand, walk, or sit six hours in an eight-hour workday. Dr. Hurly also opined that Plaintiff could occasionally climb ramps, stairs, ladders, ropes, or scaffolds; occasionally kneel, crouch, or crawl; and had no limitations as to balancing or stooping. Dr. Hurley noted some air trapping but otherwise normal breathing.

Because ARNP Nelson's opinion was not given controlling weight, the ALJ was required to consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. The ALJ failed to do so. Instead, the ALJ gave little weight to ARNP Nelson's opinion as based on Plaintiff's self-reports and not supported by objective diagnostic tests. Without further explanation as to why treating medical provider ARNP Nelson's opinion was discredited, the ALJ credited the opinion of Dr. Hurley, a reviewing doctor. Both ARNP Nelson and Dr. Hurley had the same information before them in making their medical assessment. It is unpersuasive to conclude, as the ALJ did, that Dr. Hurley's opinion be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 9

afforded controlling weight because he had more information than a prior reviewing doctor.

The record does not support the ALJ's finding that ARNP Nelson's opinions were based solely on Plaintiff's self-reports or inconsistent with the objective medical evidence. To the contrary, ARNP Nelson examined Plaintiff on numerous occasions, ordered testing, recommended vocational rehabilitation, and diagnosed Plaintiff with multiple conditions including left knee pain, left patella fracture, and episodic shortness of breath with neurologic symptoms. She reviewed x-rays and noted that a CT scan of Plaintiff's chest indicated air trapping consistent with persistent dyspnea on exertion with near syncope and suggested that this condition was related to Plaintiff's COPD. Because ARNP Nelson's opinion was based on medically acceptable clinical and laboratory diagnostic techniques, the ALJ was required to explain why Dr. Hurley's opinion was more persuasive in order to properly discredit ARNP Nelson's opinion. The ALJ erred in failing to do so.

*2. Whether the ALJ properly concluded that shortness of breath is not a severe impairment and properly assessed Plaintiff's residual functional capacity accordingly.*

The ALJ found that Plaintiff has non-severe medically determinable impairments of hyperlipidemia and shortness of breath. In so finding, the ALJ stated:

> I have specifically considered whether these impairments cause more than a minimal effect on the claimant's ability to perform basic physical work activities. There is no objective evidence that claimant has ongoing problems or that he continues to seek treatment due to these conditions. I conclude that these impairments do not significantly limit the claimant's ability to perform basic work activities; therefore, they are "non-severe."

AR 21.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT + 10**

An impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citations omitted). "Great care should be exercised in applying the not severe impairment concept." SSR 85-28. "If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued." *Id.* "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and "an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Webb*, 433 F.3d at 687.

Without further explanation, the ALJ found Plaintiff's shortness of breath to be non-severe. This was error. As explained above, ARNP Nelson diagnosed Plaintiff with persistent dyspnea on exertion with near syncope and suggested that this condition was related to Plaintiff's COPD. Dr. Platter came to the same conclusion and recommended that Plaintiff avoid dangerous situations because of his near blackouts with shortness of breath. Plaintiff further testified that on occasion he can only walk one block before experiencing shortness of breath. The record demonstrates that Plaintiff's shortness of breath affects his ability to work and is not a "groundless claim." Accordingly, the ALJ erred in finding that Plaintiff's shortness of breath is non-severe.

//

//

*2. Whether the ALJ properly assessed Plaintiff's credibility.*

Plaintiff contends that the ALJ committed error in concluding that his symptom testimony was less than fully credible. An ALJ's assessment of a

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT + 11**

claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The ALJ found Plaintiff only partially credible. In the opinion, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms are not entirely credible. The ALJ rejected Plaintiff's statements

about his symptoms because (1) Plaintiff's daily activities contradict his symptom testimony; (2) Plaintiff's treatment program has been essentially routine and his use of medication does not suggest impairment to the extent that Plaintiff claims; and (3) Plaintiff's sporadic work history raises a question as to whether his continuing unemployment is actually due to medical impairments.

Plaintiff testified that he stopped working as a truck driver approximately ten years prior to the hearing because he became severely fatigued, which turned out to be mononucleosis; it took him months to recover. He currently receives food stamps and $120.00 per month from DSHS. Plaintiff's knee becomes inflamed if he sits or uses it for an extended period of time, such as taking a car trip. He must rest it for several days, up to one week or more, thereafter. He has also had a cyst on his foot surgically removed twice but seems to have gotten worse after surgery; it feels like someone hit his foot with a hammer. Plaintiff also testified that he has shortness of breath and that simply walking one block may cause him to become out of breath; some days are worse than others. Plaintiff further testified that he spends his time watching a lot of television and will occasionally sell comics on eBay or help around the house. He testified that he could probably work for a day or two but he would have to rest for several days thereafter. Plaintiff stated that there was a time prior to the alleged onset date that he believed he was capable of working, but not after his knee injury.

The ALJ first found that Plaintiff's alleged functional limitation is inconsistent with the objective medical evidence because Plaintiff could perform personal care activities, drive a car, shop, sell comics online, prepare simple meals, help his father with side jobs, and mow the lawn. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict his other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 13

Cir. 1989)). "ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. The Ninth Circuit has consistently held that only where Plaintiff's level of activity are inconsistent with his claimed limitations, would those activities have any bearing on his credibility. *Id.* (citation omitted).

Plaintiff's daily activities are not inconsistent with his claimed limitations. Plaintiff testified that while he can engage in some physical activity, his knee takes several days thereafter to heal. Additionally, Plaintiff can push a lawn mower for ten to twenty minutes on a "good day"; on a "bad day," he can perform no activity at all. Plaintiff's shortness of breath frequently limits him to walking one block before he needs to stop. His conditions are exacerbated by physical activity. While Plaintiff may be able to use the internet, prepare simple meals, or assist his father with side jobs, these activities are not inconsistent with Plaintiff's testimony regarding his limitations.

The ALJ also discredited Plaintiff's subjective complaints due to the conservative nature of his treatment. The ALJ also found that Plaintiff's use of medications have been relatively effective in controlling his symptoms. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). The ALJ does not specifically identify in what way Plaintiff's treatment has been conservative. Plaintiff did decide not to undergo surgical intervention on his knee after his doctor advised against it as the risk of arthritis would increase. However, Plaintiff underwent several diagnostic tests, including a CT scan of his chest, x-rays of his knee, EKG, and physical exertion tests. Plaintiff had a recurrent cyst on his left foot which impeded walking drained on multiple occasions. The ALJ's decision does not specifically mention the use of medications

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 14

or identify in what way they control his symptoms. The record shows that Plaintiff was prescribed an inhaler, however, he continued to experience shortness of breath. The Court is unclear what evidence the ALJ is referring to and her decision to discredit Plaintiff on this basis was improper for lack of specificity.

The ALJ also found Plaintiff less than fully credible due to his sporadic work history. A sporadic work history may negatively affect a claimant's credibility regarding his ability to work and suggest lack of motivation to work. *Thomas*, 278 F.3d at 958-59. Plaintiff's memory precludes his ability to recall exactly when he became unable to work. The record demonstrates that Plaintiff was employed as a commercial truck driver from 1994 through 2005, after which there is no work history. He initially stopped working due to extreme fatigue and was diagnosed with mononucleosis. Plaintiff testified that, after that point but before his alleged onset date, that there was a time he probably could have worked but chose not to. In light of Plaintiff's testimony, the ALJ's credibility determination in this respect is supported by substantial evidence in the record. However, due to other errors committed by the ALJ, the Court remands the above-captioned case for further proceedings consistent with this opinion.

### Conclusion

The ALJ committed reversible error in giving little weight to Plaintiff's treating and great weight to the non-examining medical source, failing to consider all of Plaintiff's shortness of breath in determining his residual functional capacity, and finding Plaintiff not credible. Plaintiff has requested that the Court remand the case to the agency for an award of benefits. While the Court has the authority to do so, this case does not merit this relief. A proper Residual Functional Capacity must be determined and a vocational expert must be consulted to determine whether Plaintiff is disabled as defined by the Social Security Act.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** + 15

2.  Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** to the agency for further proceedings consistent with this Order.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, enter judgment, and close the file.

**DATED** this 26th day of February 2018.



Stanley A. Bastian
United States District Judge